Law Library

## IN THE SUPERIOR COURT
## OF GUAM

ISAIAH PETER MONIZ NARTIA )
(D.O.B. 1/9/07), )
)
By: LOLOANIE CHARFAUROS MONIZ, )
Guardian Ad Litem for Plaintiff, )
)
                        Plaintiff, )
)
      vs. )
)
NICK SORIANO, JR., NISSAN MOTOR )
CORPORATION IN GUAM, NISSAN )
RENT-A-CAR (GUAM), INC., JOHN DOE )
INSURER and DOES 1-10, )
)
)
             Defendants. )
)

Civil Case no. CV0388-09

**DECISION AND ORDER**
re: Motion for Partial
Summary Judgment

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on both Plaintiff and Defendant's motion for partial summary judgment on August 7, 2012. The Plaintiff was represented by Attorney Anthony C. Perez. Defendant Nick Soriano, Jr., Nissan Motor Corporation in Guam, and Nissan Rent-A-Car (Guam), Inc. were represented by Attorney Louie J. Yanza. Defendant National Union Fire Insurance Company of Pittsburgh, Pa was represented by Attorney Randall Todd Thompson. After considering the matters presented, the Court issues the following decision and order denying Plaintiff's motion for partial summary judgment on the issue of liability and granting Defendant's motion for partial summary judgment.

## BACKGROUND

The instant matter arises out of a complaint filed by the Plaintiff on March 6, 2009. The complaint alleges that Defendant Soriano negligently caused the death of Peter P. Nartia,

deceased ("Decedent"), in a motor vehicle collision on or about March 26, 2007. The Amended Complaint contains seven (7) claims for relief. Claims one (1) to three (3) alleges negligence and liability in various forms. The fifth (5th) claim is a direct action against the insurers. The sixth (6th) and seventh (7th) claim are for imputed negligence and vicarious liability onto the registered owner of the vehicle and defendant's employer. The fourth (4th) claim alleges liability for reckless and/or willful and wanton conduct. Before the court now is both parties motion for partial summary judgment.

On June 12, 2002, Defendant National Union Insurance Company filed a motion for partial summary judgment foreclosing all liability for punitive damages and attorneys fees. Subsequently, on June 24, 2012, Defendant Nissan Motor Corporation in Guam, Nissan Rent-A-Car, and Soriano also filed a motion for partial summary judgment on the same issues. On June 24, 2009 and March 17, 2010, Defendant Nissan Rent-A-Car amend their motion for partial summary judgment and assert they are not liable under the imputed negligence statute because they had delivered possession to Nissan Motor Corporation

On April 27, 2010, Plaintiff filed a motion for partial summary judgment on the issues of liability based on negligence, *res ipsa loquitur*, negligence per se, direct action against insurer, direct action against owner-imputed liability, and respondeat superior. On June 10, 2010, Defendant National Union filed an opposition contending Guam as a contributory negligence jurisdiction precludes summary judgment on the negligence issues. On the same day, Defendant Soriano, Nissan Motors Corporation in Guam, and Nissan Rent-A-Car (Guam) filed an opposition arguing Soriano's guilty plea (CF0237-07) does not prevent Defendants from raising defenses of comparative negligence and assumption of risk in this civil case.

On June 10, 2010, Plaintiff filed an opposition to Defendant's Soriano, Nissan Motor Corporation, and Nissan Rent-A-Car motion for partial summary judgment. On the same day,

Plaintiff filed an opposition to Defendant National Union's motion arguing punitive damages are awardable for wrongful death. On June 17, 2010, Defendant Soriano, Motor Corporation, Rent-A-Car filed their reply asserting Plaintiffs have not met their burden of proof under Rule 56.

On June 18, 2010, Defendant National Union filed their reply brief in support of their motion for partial summary judgment. On the same day, Plaintiffs filed their reply to Defendant National Union, Soriano, Nissan Motor Corporation, and Nissan Rent-A-Car's opposition to Plaintiffs motion. On June 7, 2012, Plaintiff filed their opposition to Defendant Soriano, Motor Corporation, and Nissan Rent-A-Car's motion. Lastly, Defendant Soriano, Nissan Motors Corporation, and Nissan Rent-A-Car filed their reply to Plaintiff's opposition. Before the Court are three (3) motions for partial summary judgment. The Court now issues its decision and order based on the following analysis.

## DISCUSSION

Summary judgment or partial summary judgment is appropriate if the pleadings, depositions, interrogatories and admissions on file together with the affidavits, if any show the there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Guam R. Civ. P. 56(c). *Izuka Corp. V. Kawasho International (Guam), Inc.*, 1997 Guam 10 ¶7.

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In rendering its decision on a motion for summary judgment, the Court must draw inferences and view the evidence in a light most favorable to the nonmoving party. *Bank of*

*Guam v. Flores*, 2004 Guam 25 ¶7. If however, the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the pleading, but must produce at least some significant probative evidence to support the pleading. *Edwards v. Pacific Financial Corporation*, 2000 Guam 27 ¶7. Consequently, the court's "ultimate inquiry is to determine whether the 'specific facts' set by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Edwards*, 2000 Guam 27 ¶7; *Iizuda*, 1997 Guam 10 ¶8; *Guam Top Builders, Inc. V. Tanota Partners*, 2006 Guam 3 ¶8. A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Edwards*, at ¶7; *Guam Top*, at ¶9.

> The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* at 322-323 (1986)(internal citations omitted).

**Negligence**

Plaintiffs submits that Soriano's guilty plea to negligent homicide, causing the wrongful death of decedent, indicates there is no genuine issue of material fact as to the first (negligence causing wrongful death), third (negligence per se), and fourth (reckless and/or willful and wanton conduct causing wrongful death) claims of action. Plaintiff argues Defendant Soriano's admission of guilt entitles them to partial summary judgment because Soriano has admitted to his negligence being the cause of Decedent's death.

Defendants oppose Plaintiffs argument and reasons because Guam is under the

modified comparative negligence jurisdiction, apportionment of liability is to be determined by a trier of fact, the jury. Thus, although Soriano admission of guilt means he was negligent, genuine issues of material fact still exists on the extent of his negligence. Defendants submit Decedent was contributory negligent in the collision by negligently operating his own motor vehicle. Witness statements allege Moniz was distracted before the accident "fixing something on the right side of his body and then quickly accelerating" (*See* Declaration of Randall Todd Thompson). Moniz was also alleged to have been changing lanes right before the accident and his view may have been obstructed by another vehicle (*See* Declaration of Joshua Duenas, at ¶3, Exhibit A). Furthermore, Defendants presented skid mark analysis which indicate Decedent was traveling at a minimum of 44 to 50 m.p.h., which exceeds the speed limit of 35 m.p.h. The Court finds significant probative evidence which could give rise to the inference that Decedent was contributory negligent.

The Guam Superior Court set out the standard for summary judgment in <u>Salas v. Hanil</u>[1] (CV-0454-91). The burden of proof for the non-moving party is only to point out to evidence in the record which gives rise to the inference Decedent was negligent. *Salas v. Hanil* (Decision & Order for Summary Judgment) (May 15, 1992). At this stage of the proceeding, the non-moving party need only show what facts could be used for the jury to reasonably infer that Decedent was negligent in operating the motor vehicle. <u>*Id.*</u> Based on the evidence alleged by the Defendants, in a light most favorable to the non-movant party, it is reasonable that a jury may infer that Decedent was contributory negligent. Moreover, it is evident that defendant's liability is controverted and genuine issues of material fact exist at the present time. Accordingly, this Court denies Plaintiff's request for partial summary judgment on the issue of

---

[1] The facts in *Salas v. Hanil Development Corp* are as follows. Defendant was operating a truck for work when he accidently collided into the victim on a bicycle. The jury found victim was negligent and the proximate cause of the accident by driving on the wrong side of the road and making an improper right turn.

liability.

**Imputed Negligence**

Next, the Court will address the issue of imputed negligence on the owners of the vehicle. An owner is defined as a "person having all the incidents of ownership including the legal title of a vehicle whether or not such person lends rents or pledges such vehicle." 16 GCA § 1102 (w). Soriano's employer at the time of the collision was Nissan Motors Corporation (Guam) *See* Complaint ¶16. 16 GCA §17101(a) provides the responsibility of owners for negligent operation by person using motor vehicle with permission:

> "Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with permission, express or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages."

Although the registered owner of the vehicle was Nissan Rent-A-Car, Defendants allege at the time of the collision Nissan Rent-A-Car had sold the vehicle and given possession to Nissan Motors Corporation (Guam) to be resold (*See* Declaration of Philippe Gerling) Defendant Nissan Rent-A-Car submitted a receiving report with the Declaration of Philippe Gerling as evidence of sale and Nissan Motors Corporation took possession and had exclusive control over the vehicle. See Ex. A. Although the transfer of ownership had not been filed with the DMV, Plaintiffs do not contest Defendants' assertion of ownership lying in Nissan Motors Corporation. Nissan Motors Corporation had all the incidentals of ownership, such as exclusive control and possession of the vehicle at the time of the collision.

The Ninth Circuit, in Look v. Mobley, addressed the issue of liability and ownership under Guam's Imputed Negligence Statute. The purpose of this statute is not to give an injured party a crack at every person through whose hands the automobile has passed, *Look v. Mobley*

323 F.2d 214 (1963). The Guam legislature has indicated otherwise by exempting conditional vendors and chattel mortgagees out of possession. *Id.* at 219. The primary purpose is to allow an injured party recourse against an owner who is in a position to control the use of his property, and to insure against the harm it causes. *Id.* Adhering to the rational of the Guam Legislature, the Court finds Nissan Motors Corporation to be the owner of the vehicle at the time the collision occurred which resulted in the death of Decedent. Accordingly, the Court finds Nissan Rent-A-Car is not subject to imputed negligence under 16 G.C.A. 17101(a).

Alternatively, under 16 G.C.A. 17101(f), Nissan Motors Corporation would be deemed to be the owner as the vendee. 16 GCA §17101 (f) states:

> "If a motor vehicle is sold under a contract of conditional sale whereby the title to such motor vehicle remains in the vendor, such vendor or his assignee shall not be deemed an owner within the provisions of this Section, but the *vendee, or his assignee shall be deemed the owner*, until the vendor or his assignee retake possession of such motor vehicle. A chattel mortgage of a motor vehicle out of possession shall not be deemed an owner within the provisions of this section"

Since Plaintiff does not contest Nissan Motors Corporation's assertion, the Court finds Nissan Rent-A-Car was no longer deemed an owner for purposes of this statute and is not liable under 16 GCA 17101 for the damages from the motor vehicle collision. Accordingly, the Court finds Nissan Motors Corporation was the 'owner' of the motor vehicle at the time of the collision.

**Vicarious Liability, Respondent Superior, and *Res Ipsa Loiquitur***

The Court will now address whether or not Defendants areliable for the negligence of Soriano under the theories of vicarious liability and respondent superior. The basis for vicarious liability lies in a relationship between the actor and non-actor held accountable for the actor's negligence. One can be vicariously liable for the negligent acts of another if a relationship exists between them. Under respondent superior, an employer is responsible for the actions of

employees performed within the course of their employment. The evidence shows that Soriano was not an employee, friend, nor agent of Nissan Rent-A-Car, therefore Nissan Rent-A-Car cannot be held vicariously liable. On the other hand, it is undisputed at the time of the collision Nissan Motors Corporation was the employer of Soriano. Soriano was an authorized permissive user. Therefore, the Court finds Nissan Motors Corporation, is vicariously liable for negligent acts performed by Soriano during the course of his employment.

As for *res ipsa loquitur*, the Court finds the claim does not apply to the facts of the instant case. Assuming the factual allegations in the complaint are true, it is reasonable to infer Decedent could have negligently operated his motor vehicle. However, under *res ipsa loquitur*, there must be a harm suffered by the Plaintiff who did nothing wrong. Since Decedent is alleged to be contributory negligent, the Court cannot find Nissan Motors Corporation or Soriano to be liable under the theory of *res ipsa loquitur*.

Based on the evidence, the Court finds Nissan Motors Corporation to be vicariously liable under the theory of respondent superior, but not *res ipsa loquitur*. Accordingly, the Court grants Plaintiff's request for partial summary judgment on the issue of vicarious liability on Nissan Motors Corporation and dismisses the claim of *res ipsa loquitur*.

**Direct Action against Insurer**

Pursuant to Title 22 G.C.A. §18305, Plaintiff has a right of direct action against the insurer of any policy of liability insurance. National Union is the insurer covering the wrongful acts of Defendant. Consequently, Plaintiff submits National Union is liable to Plaintiff for all damages sustained. Defendant National Union does not dispute this assertion. As such, the Court grants Plaintiffs motion for partial summary judgment allowing a claim of direct action against National Union.

**Punitive and/or exemplary damages**

As mentioned above, the complaint alleges that Defendants negligently caused the wrongful death of Decedent in a motor vehicle collision. Plaintiffs request for punitive and/or exemplary damages in their complaint. Under Guam law, pursuant to 20 G.C.A. §2120 which states:

> **When exemplary damages allowed.** In an action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, express or implied, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

Defendants argue Plaintiff is not entitled to recover punitive damages or attorneys' fees against Defendants because Plaintiff has failed to adequately plead the requisite elements which might entitle him to such award (*See* MPA in support of National Union's Motion for Partial Summary Judgment). Defendant seek partial summary judgment to be granted as to the issue of punitive damages and attorneys' fees. *See Patton v. Atena Ins. Co.*, 595 F. Supp. 533, 536 (N.D. Miss 1984) (granting partial summary judgment foreclosing liability for punitive damages, dismissing argument that "partial summary judgment regarding punitive damages in an insurance case is inappropriate when the ultimate issue of liability under the insurance contract must be determined at trial"); *see also P.N. v. Seattle School Dist. No. 1*, 474 F. 3d 1165, 1168 (9th Cir. 2007) (affirming denial of summary judgment motion for attorneys' fees).

On the other hand, Plaintiff argues punitive damage have not been specifically excluded by the statute. On June 17, 2010, in their reply, Plaintiff requests for a Rule 56 extension for discovery for further information and investigation on the matter. Defendants oppose the extension and argue Plaintiff's request for extension to be untimely and they have failed to meet their burden of proof as the instant case has been pending since 2009. The Court denies Plaintiffs request for an extension as they have had ample time to investigation their claims.

Guam's punitive damages statute is derived from Section 3294 of the California Civil

Code. The Court looks to California case law as persuasive authority. California Courts have long held that ordinary negligence is not a basis for punitive damages. Punitive damages usually are intended to either punish a wrongdoer whose culpability has exceeded that of simple negligence or to discourage such behavior in the future. "Since ordinary or simple negligence necessarily implies an absence of intent or purpose, it cannot form the basis of an award of exemplary damages. Even an act of gross carelessness will not, of necessity, warrant the imposition of exemplary damages" (14 California Jurisprudence 2d, p. 812, §812) *See* also Gombos v. Ashe, 158 Cal.App.2d 517, 526-27 (1958). The Guam Superior court has followed California precedent and rational by holding in <u>Sablan v. Samurai</u> (CV-1393-07) (Order Granting Motion for Partial Summary Judgment September 11, 2009) that ordinary negligence is not a basis for punitive damages. *See also Bangayan v. Aeta Ins. Co.,* CV 1202-87 (February 16, 1988) (granted defendant's motion for partial summary judgment as to the Plaintiffs claims for exemplary damages[2]).

Assuming *arguendo,* punitive damages are appropriate Defendants argue such damages are not awardable absent a showing of malice. Generally, punitive and exemplary damages are not recoverable in auto accident cases. Under Guam law, punitive damages are only awardable when there has been oppression, fraud, or malice. At most, the factual allegations asserted in the opposition was a failure to observe traffic laws, nothing to exceed ordinary negligence. It is undisputed that Defendant did not know Decedent and thereby had no motive for malice. Based on the complaint, the Court finds Plaintiff did not allege any facts or submit evidence which would give rise to the inference of oppression, fraud, or malice. Moreover, Plaintiff also failed to provide supporting facts or inferences that Defendant's conduct was reckless and/or willful

---

[2] In *Bangayan v. Aetna Ins. Co.,* Plaintiff brought a wrongful death claim for the death of his spouse and two minor children who died as a result of negligent car repair. The Guam Superior Court held punitive damages are not recoverable in a wrongful death action "even where the complained of conduct is so egregious and/or grossly negligent, that additional damages would have a deterrent effect" *Id.* at 7

and wanton. Thus, the Court hereby grants Defendant's motion for partial summary judgment.

**Attorneys Fees and Costs of Suit**

As for the issue of attorneys fees, Guam law follows the American Rule which generally does not grant attorneys fees in absence of contractual or statutory provision *Fleming v. Quigley,* 2003 Guam 4, ¶7. In the instant case, there is no contractual or statutory obligation to award attorneys fees. Accordingly, the Court denies Plaintiff's request for attorneys fees and finds grants Defendants motion for partial summary judgment.

## CONCLUSION

Based on the foregoing, the Court DENIES Plaintiffs motion for partial summary judgment on the issue of liability and vicarious liability. As for Defendant's motion for partial summary judgment, the Court GRANTS the motion and dismisses the claims for punitive damages and attorneys fees.

SO ORDERED, this ___ day of _____ 2013 .

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

JAN – 8 2013